Marc N. Bernstein (SBN 145837)
mbernstein@blgrp.com
The Bernstein Law Group, P.C.
555 Montgomery Street, Suite 1650
San Francisco, CA 94111
Telephone:      415-765-6634
Facsimile:      415-283-4804

Jan M. Conlin (*pro hac vice* pending)
JMConlin@rkmc.com
Thomas C. Mahlum (*pro hac vice* pending)
TCMahlum@rkmc.com
Robins, Kaplan, Miller & Ciresi L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN  55402-2015
Telephone:      612-349-8500
Facsimile:      612-339-4181

Attorneys for Defendants and Counterclaimants
ALCATEL LUCENT, ALCATEL-LUCENT
HOLDINGS INC., ALCATEL USA, INC.,
ALCATEL USA MARKETING, INC., ALCATEL
USA RESOURCES, INC., ALCATEL USA
SOURCING, INC., LUCENT TECHNOLOGIES
INC., AND GENESYS  TELECOMMUNICATIONS
LABORATORIES, INC.

ROBINS, KAPLAN, MILLER & CIRESI
L.L.P.
ATTORNEYS AT LAW
MINNEAPOLIS

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORACLE CORPORATION, ORACLE USA, INC., ORACLE INTERNATIONAL CORPORATION, AND SIEBEL SYSTEMS, INC., Plaintiffs/Counterdefendants, v. ALCATEL LUCENT, ALCATEL-LUCENT HOLDINGS INC., ALCATEL USA, INC., ALCATEL USA MARKETING, INC., ALCATEL USA RESOURCES, INC., ALCATEL USA SOURCING, INC., LUCENT TECHNOLOGIES INC., AND GENESYS TELECOMMUNICATIONS LABORATORIES, INC., Defendants/Counterclaimants. | Case No. C 08 - 2363 BZ  **DEFENDANTS' ANSWER AND COUNTERCLAIM**  **DEMAND FOR JURY TRIAL** |

ROBINS, KAPLAN, MILLER & CIRESI
L.L.P.
ATTORNEYS AT LAW
MINNEAPOLIS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## ANSWER TO COMPLAINT

Defendants and Counterclaim Plaintiffs Alcatel Lucent, Alcatel-Lucent Holdings Inc., Alcatel USA Inc., Alcatel USA Marketing Inc., Alcatel USA Resources Inc., Alcatel USA Sourcing Inc., Lucent Technologies Inc., and Genesys Telecommunications Laboratories Inc. (collectively "Alcatel-Lucent" or the "Alcatel-Lucent Defendants"), by and through their attorneys answer the Complaint filed by Oracle Corporation, Oracle USA, Inc., Oracle International Corporation and Siebel Systems, Inc. (collectively "Oracle" or "the Oracle Plaintiffs") as follows:

1.      Alcatel-Lucent admits that this is a civil action arising under the Patent Laws of the United States and that Oracle seeks a judgment that U.S. Patent Nos. 7,188,183, 6,661,877, 6,493,695, 7,171,190, 7,039,176 and 7,136,448 ("the Oracle Patents") are infringed by Alcatel-Lucent.  Alcatel-Lucent denies that it infringes any of the Oracle Patents and disputes their validity and enforceability under United States Patent Law.  Any and all remaining allegations of Paragraph 1 of the Complaint are denied.

2.      Alcatel-Lucent admits that the Complaint seeks a declaratory judgment that United States Patent Nos. 5,418,943, 6,272,502, 6,205,449, 6,502,133, 5,659,725, 5,649,068, and 6,732,156 ("the Alcatel-Lucent Patents") are invalid and not infringed.  Alcatel-Lucent admits that it owns the Alcatel-Lucent Patents.  Any and all remaining allegations of Paragraph 2 of the Complaint are denied.

## PARTIES

3.      On information and belief, Alcatel-Lucent admits the allegations contained in Paragraph 3 of the Complaint.

4.      On information and belief, Alcatel-Lucent admits the allegations contained in Paragraph 4 of the Complaint.

5.      On information and belief, Alcatel-Lucent admits the allegations contained in Paragraph 5 of the Complaint.

6.      On information and belief, Alcatel-Lucent admits the allegations contained in Paragraph 6 of the Complaint.

7.     With respect to the allegations contained in Paragraph 7 of the Complaint, Alcatel-Lucent admits that Alcatel Lucent is a French company with headquarters at 54, rue La Boetie, 75008 Paris France.  Any and all remaining allegations of Paragraph 7 of the Complaint are denied.

8.     With respect to the allegations contained in Paragraph 8 of the Complaint, Alcatel-Lucent admits that Defendant Alcatel-Lucent Holdings Inc. is a corporation organized under the laws of the State of Delaware and that it maintains a place of business at 3400 W. Plano Parkway, Plano, Texas 75075, and that it is an indirect wholly-owned subsidiary of Alcatel-Lucent.  Any and all remaining allegations of Paragraph 8 of the Complaint are denied.

9.     Alcatel-Lucent denies the allegations of Paragraph 9 of the Complaint.

10.    With respect to the allegations contained in Paragraph 10 of the Complaint, Alcatel-Lucent admits that Defendant Alcatel USA Marketing, Inc. is a corporation organized under the laws of the State of Delaware and that it maintains its principal place of business at 3400 W. Plano Parkway, Plano, Texas 75075.   Alcatel-Lucent further admits that Alcatel USA Marketing, Inc. is an indirect wholly-owned subsidiary of Alcatel-Lucent.  Any and all remaining allegations of Paragraph 10 of the Complaint are denied.

11.    Alcatel-Lucent denies the allegations of Paragraph 11 of the Complaint.

12.    With respect to the allegations contained in Paragraph 12 of the Complaint, Alcatel-Lucent admits that Defendant Alcatel USA Sourcing, Inc. is a corporation organized under the laws of the State of Delaware and that it maintains a principal place of business at 3400 W. Plano Parkway,  Plano, Texas 75075.   Alcatel-Lucent further admits that Alcatel USA Sourcing, Inc. is an indirect wholly-owned subsidiary of Alcatel-Lucent.   Any and all remaining allegations of Paragraph 12 of the Complaint are denied.

13.    With respect to the allegations contained in Paragraph 13 of the Complaint, Alcatel-Lucent admits that Defendant Lucent Technologies Inc. is a corporation organized under the laws of the State of Delaware and that it maintains a principal place of business at 600-700 Mountain Avenue, Murray Hill, New Jersey 07974.   Alcatel-Lucent further admits that Lucent

ROBINS, KAPLAN, MILLER & CIRESI
L.L.P.
ATTORNEYS AT LAW
MINNEAPOLIS

Technologies Inc. is an indirect wholly-owned subsidiary of Alcatel-Lucent. Any and all remaining allegations of Paragraph 13 of the Complaint are denied.

14.    With respect to the allegations contained in Paragraph 14 of the Complaint, Alcatel-Lucent admits that Defendant Genesys Telecommunications Laboratories, Inc. is a corporation organized under the laws of the State of California and that it maintains a principal place of business at 2001 Junipero Serra Blvd., Daly City, California 94014. Alcatel-Lucent further admits that Genesys Telecommunications Laboratories, Inc. is an indirect wholly-owned subsidiary of Alcatel-Lucent. Any and all remaining allegations of Paragraph 14 of the Complaint are denied.

## JURISDICTION

15.    Alcatel-Lucent does not contest subject matter jurisdiction with respect to Oracle's claims of infringement. Any and all remaining allegations of Paragraph 15 of the Complaint are denied.

16.    Alcatel-Lucent specifically denies that the Court has subject matter jurisdiction over Oracle's Declaratory Judgment claims regarding U.S. Patent No. 5,659,725 entitled "Query Optimization by Predicate Move-Around." Alcatel-Lucent does not contest subject matter jurisdiction with respect to Oracle's Declaratory Judgment claims related to U.S. Patent Nos. 5,418,943; 6,272,502; 6,205,449; 6,502,133; 5,649,068 and 6,732,156. Any and all remaining allegations of Paragraph 16 of the Complaint are denied.

17.    Alcatel-Lucent specifically denies that there is an actual controversy between Alcatel-Lucent and Oracle regarding the validity and infringement of U.S. Patent No. 5,659,725 entitled "Query Optimization by Predicate Move-Around." Alcatel-Lucent admits that there is an actual controversy between the Alcatel-Lucent and Oracle regarding the validity and infringement of U.S. Patent Nos. 5,418,943; 6,272,502; 6,205,449; 6,502,133; 5,649,068 and 6,732,156. Alcatel-Lucent maintains that the Alcatel-Lucent Patents are valid and infringed by Oracle. Alcatel-Lucent further admits that its Director-Licensing Intellectual Property Business, June Sulovski, sent a letter dated December 21, 2007 to Oracle's Chief Executive Officer. Alcatel-Lucent further admits that the letter identified certain Oracle products that are covered by the

ROBINS, KAPLAN, MILLER & CIRESI
L.L.P.
ATTORNEYS AT LAW
MINNEAPOLIS

Alcatel-Lucent Patents.  Any and all remaining allegations of Paragraph 17 of the Complaint are denied.

18.    Alcatel-Lucent does not contest personal jurisdiction in this District.  The allegations of Paragraph 18 of the Complaint are otherwise denied.

### VENUE

19.    Alcatel-Lucent does not contest venue in this District, but specifically denies that any acts of infringement have been committed in this District by Alcatel-Lucent.  Any and all remaining allegations of Paragraph 19 of the Complaint are denied.

### COUNT I

20.    Alcatel-Lucent hereby reinstates and realleges the responses set forth in paragraphs 1 through 19 above.

21.    Alcatel-Lucent admits that, on its face, United States Patent No. 7,188,183 is entitled "Maintaining State Information In Mobile Applications" ("the '183 patent"); indicates an issue date of March 6, 2007; and indicates that Oracle International Corporation is an assignee. Any and all remaining allegations of Paragraph 21 of the Complaint are denied.

22.    Alcatel-Lucent denies any and all allegations in Paragraph 22 of the Complaint.

### COUNT II

23.    Alcatel-Lucent hereby reinstates and realleges the responses set forth in paragraphs 1 through 22 above.

24.    Alcatel-Lucent admits that, on its face, United States Patent No. 6,661,877 is entitled "System and Method for Providing Access to a Unified Message Store Logically Storing Computer Telephony Messages" ("the '877 patent"); indicates an issue date of December 9, 2003; and indicates that Oracle International Corporation is an assignee.  Any and all remaining allegations of Paragraph 24 of the Complaint are denied.

25.    Alcatel-Lucent denies any and all allegations in Paragraph 25 of the Complaint.

### COUNT III

26.    Alcatel-Lucent hereby reinstates and realleges the responses set forth in paragraphs 1 through 25 above.

ROBINS, KAPLAN, MILLER & CIRESI
L.L.P.
ATTORNEYS AT LAW
MINNEAPOLIS

5

27.    Alcatel-Lucent admits that, on its face, United States Patent No. 6,493,695 is entitled "Methods and Systems for Homogeneously Routing and/or Queueing Call Center Customer Interactions Across Media Types" ("the '695 patent"); indicates an issue date of December 10, 2002; and indicates that Oracle Corporation is an assignee.  Any and all remaining allegations of Paragraph 27 of the Complaint are denied.

28.    Alcatel-Lucent denies any and all allegations in Paragraph 28 of the Complaint.

### COUNT IV

29.    Alcatel-Lucent hereby reinstates and realleges the responses set forth in paragraphs 1 through 28 above.

30.    Alcatel-Lucent admits that, on its face, United States Patent No. 7,171,190 is entitled "Intelligent Messaging" ("the '190 patent"); indicates an issue date of January 30, 2007; and indicates that Oracle International Corporation is an assignee.  Any and all remaining allegations of Paragraph 30 of the Complaint are denied.

31.    Alcatel-Lucent denies any and all allegations in Paragraph 31 of the Complaint.

### COUNT V

32.    Alcatel-Lucent hereby reinstates and realleges the responses set forth in paragraphs 1 through 31 above.

33.    Alcatel-Lucent admits that, on its face, United States Patent No. 7,039,176 is entitled "Call Center Administration Manager With Rules-Based Routing Prioritization" ("the '176 patent"); indicates an issue date of May 2, 2006; and indicates that Telephony@Work is an assignee.  Any and all remaining allegations of Paragraph 33 of the Complaint are denied.

34.    Alcatel-Lucent denies any and all allegations in Paragraph 34 of the Complaint.

### COUNT VI

35.    Alcatel-Lucent hereby reinstates and realleges the responses set forth in paragraphs 1 through 34 above.

36.    Alcatel-Lucent admits that, on its face, United States Patent No. 7,136,448 is entitled "Managing Received Communications Based on Assessments of the Senders" ("the '448

1    patent"); indicates an issue date of November 14, 2006; and indicates that Siebel Systems, Inc. is

2    an assignee.  Any and all remaining allegations of Paragraph 36 of the Complaint are denied.

3        37.    Alcatel-Lucent denies any and all allegations in Paragraph 37 of the Complaint.

4        38.    Alcatel-Lucent denies any and all allegations in Paragraph 38 of the Complaint.

5        39.    Alcatel-Lucent denies any and all allegations in Paragraph 39 of the Complaint.

6                                    **COUNT VII**

7        40.    Alcatel-Lucent hereby reinstates and realleges the responses set forth in

8    paragraphs 1 through 39 above.

9        41.    Alcatel-Lucent admits that it is the owner of U.S. Patent No. 5,418,943 ("the '943

10   patent") entitled "Information System with Knowledge Base and Data Base" and that a true and

11   correct copy of the '943 patent is attached as Exhibit G of the Complaint.

12       42.    Alcatel-Lucent denies any and all allegations in Paragraph 42 of the Complaint,

13   and affirmatively states that Oracle has infringed the '943 patent under 35 U.S.C. § 271.

14       43.    Alcatel-Lucent denies any and all allegations in Paragraph 43 of the Complaint,

15   and affirmatively states that the '943 patent duly and legally issued and is valid under the Patent

16   Laws of the United States.

17                                   **COUNT VIII**

18       44.    Alcatel-Lucent hereby reinstates and realleges the responses set forth in

19   paragraphs 1 through 43 above.

20       45.    Alcatel-Lucent admits that it is the owner of U.S. Patent No. 6,272,502 ("the '502

21   patent") entitled "Refreshing Materialized Views of a Database to Maintain Consistency with

22   Underlying Data" and that a true and correct copy of the '502 patent is attached as Exhibit H of

23   the Complaint.

24       46.    Alcatel-Lucent denies any and all allegations in Paragraph 46 of the Complaint,

25   and affirmatively states that Oracle has infringed the '502 patent under 35 U.S.C. § 271.

26       47.    Alcatel-Lucent denies any and all allegations in Paragraph 47 of the Complaint,

27   and affirmatively states that the '502 patent duly and legally issued and is valid under the Patent

28   Laws of the United States.

ROBINS, KAPLAN, MILLER & CIRESI
L.L.P.
ATTORNEYS AT LAW
MINNEAPOLIS

ROBINS, KAPLAN, MILLER & CIRESI
L.L.P.
ATTORNEYS AT LAW
MINNEAPOLIS

**COUNT IX**

48.    Alcatel-Lucent hereby reinstates and realleges the responses set forth in paragraphs 1 through 47 above.

49.    Alcatel-Lucent admits that it is the owner of U.S. Patent No. 6,205,449 ("the '449 patent") entitled "System and Method for Providing Hot Spare Redundancy and Recovery for a Very Large Database Management System" and that a true and correct copy of the '449 patent is attached as Exhibit I of the Complaint.

50.    Alcatel-Lucent denies any and all allegations in Paragraph 50 of the Complaint, and affirmatively states that Oracle has infringed the '449 patent under 35 U.S.C. § 271.

51.    Alcatel-Lucent denies any and all allegations in Paragraph 51 of the Complaint, and affirmatively states that the '449 patent duly and legally issued and is valid under the Patent Laws of the United States.

**COUNT X**

52.    Alcatel-Lucent hereby reinstates and realleges the responses set forth in paragraphs 1 through 51 above.

53.    Alcatel-Lucent admits that it is the owner of U.S. Patent No. 6,502,133 ("the '133 patent") entitled "Real-Time Event Processing System with Analysis Engine Using Recovery Information" and that a true and correct copy of the '133 patent is attached as Exhibit J of the Complaint.

54.    Alcatel-Lucent denies any and all allegations in Paragraph 54 of the Complaint, and affirmatively states that Oracle has infringed the '133 patent under 35 U.S.C. § 271.

55.    Alcatel-Lucent denies any and all allegations in Paragraph 55 of the Complaint, and affirmatively states that the '133 patent duly and legally issued and is valid under the Patent Laws of the United States.

**COUNT XI**

56.    Alcatel-Lucent hereby reinstates and realleges the responses set forth in paragraphs 1 through 55 above.

57.    Alcatel-Lucent admits that it is the owner of U.S. Patent No. 5,659,725 ("the '725 patent") entitled "Query Optimization by Predicate Move-Around" and that a true and correct copy of the '725 patent is attached as Exhibit K of the Complaint.

58.    Alcatel-Lucent denies that there is an actual or justiciable controversy with respect to the '725 patent, and therefore denies that any further responsive pleading is required in response to the allegations contained in Paragraph 58 of the Complaint.

59.    Alcatel-Lucent denies that there is an actual or justiciable controversy with respect to the '725 patent, and therefore denies that any further responsive pleading is required in response to the allegations contained in Paragraph 59 of the Complaint.

## COUNT XII

60.    Alcatel-Lucent hereby reinstates and realleges the responses set forth in paragraphs 1 through 59 above.

61.    Alcatel-Lucent admits that it is the owner of U.S. Patent No. 5,649,068 ("the '068 patent") entitled "Pattern Recognition System Using Support Vectors" and that a true and correct copy of the '068 patent is attached as Exhibit L of the Complaint.

62.    Alcatel-Lucent denies any and all allegations in Paragraph 62 of the Complaint, and affirmatively states that Oracle has infringed the '068 patent under 35 U.S.C. § 271.

63.    Alcatel-Lucent denies any and all allegations in Paragraph 63 of the Complaint, and affirmatively states that the '068 patent duly and legally issued and is valid under the Patent Laws of the United States.

## COUNT XIII

64.    Alcatel-Lucent hereby reinstates and realleges the responses set forth in paragraphs 1 through 63 above.

65.    Alcatel-Lucent admits that it is the owner of U.S. Patent No. 6,732,156 ("the '156 patent") entitled "System for Routing Electronic Mails" and that a true and correct copy of the '156 patent is attached as Exhibit M of the Complaint.

66.    Alcatel-Lucent denies any and all allegations in Paragraph 66 of the Complaint, and affirmatively states that Oracle has infringed the '156 patent under 35 U.S.C. § 271.

ROBINS, KAPLAN, MILLER & CIRESI
L.L.P.
ATTORNEYS AT LAW
MINNEAPOLIS

67.     Alcatel-Lucent denies any and all allegations in Paragraph 67 of the Complaint, and affirmatively states that the '156 patent duly and legally issued and is valid under the Patent Laws of the United States.

## GENERAL DENIAL

68.     Alcatel-Lucent denies each and every allegation, matter, statement, and fact contained in the Complaint, except as may be specifically admitted, qualified or otherwise answered herein.  Alcatel-Lucent denies that Oracle is entitled to any of the relief sought in its Complaint.

## AFFIRMATIVE DEFENSES

For its Affirmative Defenses to the Complaint, Alcatel-Lucent states as follows:

## FIRST AFFIRMATIVE DEFENSE

69.     Oracle's Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

70.     No Alcatel-Lucent product infringes any claim of the Oracle Patents under 35 U.S.C. § 271, and Alcatel-Lucent does not induce or contribute to any such infringement.

## THIRD AFFIRMATIVE DEFENSE

71.     No claim of the Oracle Patents can be validly construed to cover any Alcatel-Lucent product.

## FOURTH AFFIRMATIVE DEFENSE

72.     The Oracle Patents are invalid, unenforceable, and/or void for failure to satisfy the requirements of patentability contained in 35 U.S.C., including but not limited to §§ 101, 102, 103 and/or 112.

## FIFTH AFFIRMATIVE DEFENSE

73.     Oracle's claims are barred, in whole or in part, pursuant to the doctrines of waiver, estoppel and/or laches.

Alcatel-Lucent reserves its right to assert additional grounds for the invalidity or unenforceability of the Oracle Patents if it discovers such grounds during the course of litigation.

ROBINS, KAPLAN, MILLER & CIRESI
L.L.P.
ATTORNEYS AT LAW
MINNEAPOLIS

**COUNTERCLAIM**

Defendants Alcatel-Lucent, Alcatel-Lucent Holdings Inc., Alcatel USA Marketing, Inc., Alcatel USA Sourcing, Inc., Lucent Technologies Inc., and Genesys Telecommunications Laboratories, Inc. (collectively "Alcatel-Lucent"), by and through their attorneys bring this Counterclaim against Oracle Corporation, Oracle USA, Inc., Oracle International Corporation and Siebel Systems, Inc. (collectively "Oracle") as follows:

**THE PARTIES**

74.     Alcatel Lucent is a French company whose principal place of business located at 54, rue La Boetie, 75008 Paris, France.

75.     Alcatel-Lucent Holdings Inc. (f/k/a Alcatel USA Inc.) is a corporation organized under the laws of the State of Delaware which maintains a place of business at 3400 W. Plano Parkway, Plano, Texas.

76.     Alcatel USA Marketing, Inc. is a corporation organized under the laws of the State of Delaware which maintains a principal place of business at 3400 W. Plano Parkway, Plano, Texas.

77.     Alcatel USA Sourcing, Inc. is a corporation organized under the laws of the State of Delaware which maintains a principal place of business at 3400 W. Plano Parkway,  Plano, Texas.

78.     Lucent Technologies Inc. ("Lucent Technologies") is a corporation organized under the laws of the State of Delaware which maintains a principal place of business at 600-700 Mountain Avenue, Murray Hill, New Jersey.

79.     Genesys Telecommunications Laboratories, Inc. ("Genesys") is a corporation organized under the State of California which maintains a principal place of business at 2001 Junipero Serra Blvd., Daly City, California.

80.     Alcatel-Lucent is informed and believes that Counterclaim Defendant Oracle Corporation is a corporation organized under the laws of the State of Delaware, maintains its principal place of business at 500 Oracle Parkway, Redwood City, California, 94065, and does business in the Northern District of California.

ROBINS, KAPLAN, MILLER & CIRESI
L.L.P.
ATTORNEYS AT LAW
MINNEAPOLIS

81.     Alcatel-Lucent is informed and believes that Counterclaim Defendant Oracle USA, Inc. is a corporation organized under the laws of the State of Colorado, maintains its principal place of business at 500 Oracle Parkway, Redwood City, California, 94065, and does business in the Northern District of California.

82.     Alcatel-Lucent is informed and believes that Counterclaim Defendant Oracle International Corporation is a corporation organized under the laws of the State of California, maintains its principal place of business at 500 Oracle Parkway, Redwood City, California, 94065, and does business in the Northern District of California.

83.     Alcatel-Lucent is informed and believes that Counterclaim Defendant Siebel Systems, Inc. is a corporation organized under the laws of the State of Delaware, maintains its principal place of business at 500 Oracle Parkway, Redwood City, California, 94065, and does business in the Northern District of California.

## JURISDICTION AND VENUE

84.     Jurisdiction:  These Counterclaims arise under the Patent Laws of the United States, Title 35 U.S.C. §§ 101 *et seq.*  Jurisdiction in this Court over these Counterclaims is proper pursuant to 28 U.S.C. §§ 1331, 1338, and under the Declaratory Judgments Act (28 U.S.C. §§2201 and 2202).

85.     Intradistrict Assignment:  This is an intellectual property case.

86.     Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391 and/or 1400.

87.     Upon information and belief, Oracle is subject to personal jurisdiction in this district arising out of its contacts within this district.  In particular, Oracle's contacts with this district are systematic and continuous, and Alcatel-Lucent's claims arise out of or are related to Oracle's contacts with this district.

ROBINS, KAPLAN, MILLER & CIRESI
L.L.P.
ATTORNEYS AT LAW
MINNEAPOLIS

## COUNT I: COUNTERCLAIM FOR DECLARATORY JUDGMENT OF NONINFRINGEMENT, INVALIDITY AND UNENFORCEABILITY OF U.S. PATENT NO. 7,188,183

### (by Alcatel-Lucent)

88.    Alcatel-Lucent hereby restates and realleges the allegations set forth in Paragraphs 74-87 above and incorporates them by reference.

89.    Oracle International Corporation purports to be the owner of U.S. Patent No. 7,188,183 ("the '183 patent").  Oracle filed suit against Alcatel-Lucent for alleged infringement of the '183 patent.  An actual controversy exists between Oracle and Alcatel-Lucent by virtue of the allegations of the Complaint and the Answer thereto as to the alleged infringement, scope, enforceability, and validity of the '183 patent.

90.    Alcatel-Lucent has not infringed, and is not infringing, either directly or indirectly, contributorily or otherwise, any valid claim of the '183 patent.

91.    The claims of the '183 patent are invalid, void, and/or unenforceable for failure to comply with the requirements of the Patent Laws of the United States, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

## COUNT II: COUNTERCLAIM FOR DECLARATORY JUDGMENT OF NONINFRINGEMENT, INVALIDITY AND UNENFORCEABILITY OF U.S. PATENT NO. 6,661,877

### (by Alcatel-Lucent)

92.    Alcatel-Lucent hereby restates and realleges the allegations set forth in Paragraphs 74-91 above and incorporates them by reference.

93.    Oracle International Corporation purports to be the owner of U.S. Patent No. 6,661,877 ("the '877 patent").  Oracle filed suit against Alcatel-Lucent for alleged infringement of the '877 patent.  An actual controversy exists between Oracle and Alcatel-Lucent by virtue of the allegations of the Complaint and the Answer thereto as to the alleged infringement, scope, enforceability, and validity of the '877 patent.

ROBINS, KAPLAN, MILLER & CIRESI
L.L.P.
ATTORNEYS AT LAW
MINNEAPOLIS

1    94.    Alcatel-Lucent has not infringed, and is not infringing, either directly or indirectly,

2    contributorily or otherwise, any valid claim of the '877 patent.

3    95.    The claims of the '877 patent are invalid, void, and/or unenforceable for failure to

4    comply with the requirements of the Patent Laws of the United States, including but not limited to

5    35 U.S.C. §§ 101, 102, 103, and/or 112.

6    **COUNT III: COUNTERCLAIM FOR DECLARATORY JUDGMENT OF**

7    **NONINFRINGEMENT, INVALIDITY AND UNENFORCEABILITY OF U.S. PATENT**

8    **NO. 6,493,695**

9    **(by Alcatel-Lucent)**

10    96.    Alcatel-Lucent hereby restates and realleges the allegations set forth in Paragraphs

11    74-95 above and incorporates them by reference.

12    97.    Oracle International Corporation purports to be the owner of U.S. Patent No.

13    6,493,695 ("the '695 patent"). Oracle filed suit against Alcatel-Lucent for alleged infringement

14    of the '695 patent. An actual controversy exists between Oracle and Alcatel-Lucent by virtue of

15    the allegations of the Complaint and the Answer thereto as to the alleged infringement, scope,

16    enforceability, and validity of the '695 patent.

17    98.    Alcatel-Lucent has not infringed, and is not infringing, either directly or indirectly,

18    contributorily or otherwise, any valid claim of the '695 patent.

19    99.    The claims of the '695 patent are invalid, void, and/or unenforceable for failure to

20    comply with the requirements of the Patent Laws of the United States, including but not limited to

21    35 U.S.C. §§ 101, 102, 103, and/or 112.

22    **COUNT IV: COUNTERCLAIM FOR DECLARATORY JUDGMENT OF**

23    **NONINFRINGEMENT, INVALIDITY AND UNENFORCEABILITY OF U.S. PATENT**

24    **NO. 7,171,190**

25    **(by Alcatel-Lucent)**

26    100.    Alcatel-Lucent hereby restates and realleges the allegations set forth in Paragraphs

27    74-99 above and incorporates them by reference.

28

101.    Oracle International Corporation purports to be the owner of U.S. Patent No. 7,171,190 ("the '190 patent").  Oracle filed suit against Alcatel-Lucent for alleged infringement of the '190 patent.  An actual controversy exists between Oracle and Alcatel-Lucent by virtue of the allegations of the Complaint and the Answer thereto as to the alleged infringement, scope, enforceability, and validity of the '190 patent.

102.    Alcatel-Lucent has not infringed, and is not infringing, either directly or indirectly, contributorily or otherwise, any valid claim of the '190 patent.

103.    The claims of the '190 patent are invalid, void, and/or unenforceable for failure to comply with the requirements of the Patent Laws of the United States, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

## COUNT V: COUNTERCLAIM FOR DECLARATORY JUDGMENT OF NONINFRINGEMENT, INVALIDITY AND UNENFORCEABILITY OF U.S. PATENT NO. 7,039,176

### (by Alcatel-Lucent)

104.    Alcatel-Lucent hereby restates and realleges the allegations set forth in Paragraphs 74-103 above and incorporates them by reference.

105.    Oracle International Corporation purports to be the owner of U.S. Patent No. 7,039,176 ("the '176 patent").  Oracle filed suit against Alcatel-Lucent for alleged infringement of the '176 patent.  An actual controversy exists between Oracle and Alcatel-Lucent by virtue of the allegations of the Complaint and the Answer thereto as to the alleged infringement, scope, enforceability, and validity of the '176 patent.

106.    Alcatel-Lucent has not infringed, and is not infringing, either directly or indirectly, contributorily or otherwise, any valid claim of the '176 patent.

107.    The claims of the '176 patent are invalid, void, and/or unenforceable for failure to comply with the requirements of the Patent Laws of the United States, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

ROBINS, KAPLAN, MILLER & CIRESI
L.L.P.
ATTORNEYS AT LAW
MINNEAPOLIS

ROBINS, KAPLAN, MILLER & CIRESI
L.L.P.
ATTORNEYS AT LAW
MINNEAPOLIS

## COUNT VI: COUNTERCLAIM FOR DECLARATORY JUDGMENT OF NONINFRINGEMENT, INVALIDITY AND UNENFORCEABILITY OF U.S. PATENT NO. 7,136,448

### (by Alcatel-Lucent)

108.    Alcatel-Lucent hereby restates and realleges the allegations set forth in Paragraphs 74-107 above and incorporates them by reference.

109.    Siebel Systems, Inc. purports to be the owner of U.S. Patent No. 7,136,448 ("the '448 patent"). Oracle filed suit against Alcatel-Lucent for alleged infringement of the '448 patent. An actual controversy exists between Oracle and Alcatel-Lucent by virtue of the allegations of the Complaint and the Answer thereto as to the alleged infringement, scope, enforceability, and validity of the '448 patent.

110.    Alcatel-Lucent has not infringed, and is not infringing, either directly or indirectly, contributorily or otherwise, any valid claim of the '448 patent.

111.    The claims of the '448 patent are invalid, void, and/or unenforceable for failure to comply with the requirements of the Patent Laws of the United States, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

### COUNT VII: PATENT INFRINGEMENT OF U.S. PATENT NO. 5,418,943

### (by Lucent Technologies)

112.    Defendant-counterclaimant Lucent Technologies hereby restates and realleges the allegations set forth in Paragraphs 74-111 above and incorporates them by reference.

113.    Lucent Technologies is the owner of all right, title, and interest in United States Patent No. 5,418,943 entitled "Information System with Knowledge Base and Data Base," duly and legally issued on May 23, 1995 ("the '943 patent"). A true and correct copy of the '943 patent was attached to the Complaint as Exhibit G.

114.    Oracle, collectively and individually, has infringed and continues to infringe the '943 patent by making, using, selling, offering to sell, and/or importing within or into the United States Oracle products and/or systems, including, but not limited to, Oracle's Application Development Framework ("ADF"), TopLink and any other similar products, that practice claimed

1    inventions of the '943 patent.  Oracle is liable for infringement under 35 U.S.C. § 271, including

2    direct and/or indirect infringement of the '943 patent, both literally and under the doctrine of

3    equivalents.

4        115.    On information and belief, Oracle had knowledge of the '943 patent and its

5    infringing conduct at least as early as December 2007.  Despite Oracle's knowledge of the '943

6    patent, it continues to commit acts of infringement.  Oracle's continued infringement of the '943

7    patent is deliberate and willful, making this an exceptional case within the meaning of the United

8    States Patent Laws.

9    **COUNT VIII: PATENT INFRINGEMENT OF U.S. PATENT NO. 6,272,502**

10    **(by Lucent Technologies)**

11        116.    Defendant-counterclaimant Lucent Technologies hereby restates and realleges the

12    allegations set forth in Paragraphs 74-115 above and incorporates them by reference.

13        117.    Lucent Technologies is the owner of all right, title, and interest in United States

14    Patent No. 6,272,502 entitled "Refreshing Materialized Views of a Database to Maintain

15    Consistency with Underlying Data," duly and legally issued on August 7, 2001 ("the '502

16    patent").  A true and correct copy of the '502 patent was attached to the Complaint as Exhibit H.

17        118.    Oracle, collectively and individually, has infringed and continues to infringe the

18    '502 patent by making, using, selling, offering to sell, and/or importing within or into the United

19    States Oracle products and/or systems, including, but not limited to, Oracle Database and any

20    other similar products, that practice claimed inventions of the '502 patent.  Oracle is liable for

21    infringement under 35 U.S.C. § 271, including direct and/or indirect infringement of the '502

22    patent, both literally and under the doctrine of equivalents.

23        119.    On information and belief, Oracle had knowledge of the '502 patent and its

24    infringing conduct at least as early as December 2007.   Despite Oracle's knowledge of the '502

25    patent, it continues to commit acts of infringement.  Oracle's continued infringement of the '502

26    patent is deliberate and willful, making this an exceptional case within the meaning of the United

27    States Patent Laws.

28

ROBINS, KAPLAN, MILLER & CIRESI
L.L.P.
ATTORNEYS AT LAW
MINNEAPOLIS

1

ROBINS, KAPLAN, MILLER & CIRESI
L.L.P.
ATTORNEYS AT LAW
MINNEAPOLIS

## COUNT IX: PATENT INFRINGEMENT OF U.S. PATENT NO. 6,205,449

### (by Lucent Technologies)

120.    Defendant-counterclaimant Lucent Technologies hereby restates and realleges the allegations set forth in Paragraphs 74-119 above and incorporates them by reference.

121.    Lucent Technologies is the owner of all right, title, and interest in United States Patent No. 6,205,449 entitled "System and Method for Providing Hot Spare Redundancy and Recovery for a Very Large Database Management System," duly and legally issued on March 20, 2001 ("the '449 patent").  A true and correct copy of the '449 patent was attached to the Complaint as Exhibit I.

122.    Oracle, collectively and individually, has infringed and continues to infringe the '449 patent by making, using, selling, offering to sell, and/or importing within or into the United States Oracle products and/or systems, including, but not limited to, Data Guard for Oracle Database and any other similar products, that practice claimed inventions of the '449 patent. Oracle is liable for infringement under 35 U.S.C. § 271, including direct and/or indirect infringement of the '449 patent, both literally and under the doctrine of equivalents.

123.    On information and belief, Oracle had knowledge of the '449 patent and its infringing conduct at least as early as December 2007.  Despite Oracle's knowledge of the '449 patent, it continues to commit acts of infringement.  Oracle's continued infringement of the '449 patent is deliberate and willful, making this an exceptional case within the meaning of the United States Patent Laws.

## COUNT X: PATENT INFRINGEMENT OF U.S. PATENT NO. 6,502,133

### (by Lucent Technologies)

124.    Defendant-counterclaimant Lucent Technologies hereby restates and realleges the allegations set forth in Paragraphs 74-123 above and incorporates them by reference.

125.    Lucent Technologies is the owner of all right, title, and interest in United States Patent No. 6,502,133 entitled "Real-Time Event Processing System with Analysis Engine Using Recovery Information," duly and legally issued on December 31, 2002 ("the '133 patent").  A true and correct copy of the '133 patent was attached to the Complaint as Exhibit J.

126.    Oracle, collectively and individually, has infringed and continues to infringe the '133 patent by making, using, selling, offering to sell, and/or importing within or into the United States Oracle products and/or systems, including, but not limited to, Oracle TimesTen and any other similar products, that practice claimed inventions of the '133 patent.  Oracle is liable for infringement under 35 U.S.C. § 271, including direct and/or indirect infringement of the '133 patent, both literally and under the doctrine of equivalents.

127.    On information and belief, Oracle had knowledge of the '133 patent and its infringing conduct at least as early as December 2007.   Despite Oracle's knowledge of the '133 patent, it continues to commit acts of infringement.  Oracle's continued infringement of the '133 patent is deliberate and willful, making this an exceptional case within the meaning of the United States Patent Laws.

## COUNT XI: PATENT INFRINGEMENT OF U.S. PATENT NO. 5,649,068

### (by Lucent Technologies)

128.    Defendant-counterclaimant Lucent Technologies hereby restates and realleges the allegations set forth in Paragraphs 74-127 above and incorporates them by reference.

129.    Lucent Technologies is the owner of all right, title, and interest in United States Patent No. 5,649,068 entitled "Pattern Recognition System Using Support Vectors," duly and legally issued on July 15, 1997 ("the '068 patent").  A true and correct copy of the '068 patent was attached to the Complaint as Exhibit L.

130.    Oracle, collectively and individually, has infringed and continues to infringe the '068 patent by making, using, selling, offering to sell, and/or importing within or into the United States the Oracle products and/or systems, including, but not limited to, Oracle Database with the Oracle Data Mining Option ("ODM" Option) and any similar products, that practice claimed inventions of the '068 patent.  Oracle is liable for infringement under 35 U.S.C. § 271, including direct and/or indirect infringement of the '068 patent, both literally and under the doctrine of equivalents.

131.    On information and belief, Oracle had knowledge of the '068 patent and its infringing conduct at least as early as December 2007.   Despite Oracle's knowledge of the '068

19

ROBINS, KAPLAN, MILLER & CIRESI
L.L.P.
ATTORNEYS AT LAW
MINNEAPOLIS

1   patent, it continues to commit acts of infringement.  Oracle's continued infringement of the '068

2   patent is deliberate and willful, making this an exceptional case within the meaning of the United

3   States Patent Laws.

4   **COUNT XII: PATENT INFRINGEMENT OF U.S. PATENT NO. 6,732,156**

5   **(by Genesys)**

6   132.    Defendant-counterclaimant Genesys hereby restates and realleges the allegations

7   set forth in Paragraphs 74-111 above and incorporates them by reference.

8   133.    Genesys is the owner of all right, title, and interest in United States Patent No.

9   6,732,156 entitled "System for Routing Electronic Mails," duly and legally issued on May 4,

10  2004 ("the '156 patent").  A true and correct copy of the '156 patent was attached to the

11  Complaint as Exhibit M.

12  134.    Oracle, collectively and individually, has infringed and continues to infringe the

13  '156 patent by making, using, selling, offering to sell, and/or importing within or into the United

14  States Oracle products and/or systems, including, but not limited to, Oracle Email Center, Siebel

15  CRM Call Center On Demand, and any similar products, that practice claimed inventions of the

16  '156 patent.  Oracle is liable for infringement under 35 U.S.C. § 271, including direct and/or

17  indirect infringement of the '156 patent, both literally and under the doctrine of equivalents.

18  135.    On information and belief, Oracle had knowledge of the '156 patent and its

19  infringing conduct at least as early as December 2007.   Despite Oracle's knowledge of the '156

20  patent, it continues to commit acts of infringement.  Oracle's continued infringement of the '156

21  patent is deliberate and willful, making this an exceptional case within the meaning of the United

22  States Patent Laws.

23

24  **PRAYER FOR RELIEF**

25  WHEREFORE, Alcatel-Lucent prays for judgment against Oracle as follows:

26  A.      That Oracle take nothing by way of its Complaint and that the same be dismissed

27  with prejudice;

28  B.      That the Court enter judgment in Alcatel-Lucent's favor and against Oracle on

ROBINS, KAPLAN, MILLER & CIRESI
L.L.P.
ATTORNEYS AT LAW
MINNEAPOLIS

each and every Count in the Counterclaim;

C.    That a declaration issue that Alcatel-Lucent has not infringed and does not infringe, either directly or indirectly, contributorily or otherwise, any valid claim of the Oracle Patents;

D.    That a declaration issue that each of the claims of the Oracle Patents are invalid, unenforceable, and/or void;

E.    That Oracle be enjoined, estopped, or precluded from enforcing the Oracle Patents against Alcatel-Lucent;

F.    That Oracle be found to have directly, indirectly, contributorily and/or by inducement, literally and/or by the doctrine of equivalents, infringed each of the Alcatel-Lucent Patents in violation of 35 U.S.C. § 271;

G.    That Oracle be found to have willfully infringed the Alcatel-Lucent Patents;

H.    That a permanent injunction issue enjoining Oracle and its respective agents, servants, officers, directors, employees, subsidiaries, affiliates, joint venturers and all persons acting in concert with it, directly or indirectly, from infringing, inducing others to infringe, or contributing to the infringement of the Alcatel-Lucent Patents identified in the Counterclaim;

I.    That Oracle pay Lucent Technologies and Genesys all damages which are available pursuant to 35 U.S.C. § 284, including but not limited to treble damages for any willful infringement by Oracle;

J.    That Oracle be ordered to make an accounting of its sales, profits, royalties, and damages owing to Lucent Technologies and Genesys;

K.    That Oracle pay attorneys' fees pursuant to 35 U.S.C. § 285;

L.    That Oracle pay pre-judgment and post-judgment interest;

1    M.    That Alcatel-Lucent be awarded its costs, fees, and expenses in this action; and

2    N.    That Alcatel-Lucent be awarded any such other and further relief as this Court

3    deems just, equitable, and proper.

4

5

6    Respectfully Submitted,

7

8    DATED: June 5, 2008    **THE BERNSTEIN LAW GROUP, P.C.**

9

10    By: _____/s/ Marc N. Bernstein_____
         Marc N. Bernstein

11
         555 Montgomery Street, Suite 1650
12    San Francisco, CA 94111
         Telephone:    415-765-6634
13    Facsimile:    415-283-4804
         E-mail:        mbernstein@blgrp.com

14

15    and

16    Jan M. Conlin (MN No. 192697)
         Thomas C. Mahlum (MN No. 0259391)
17    **ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**
         2800 LaSalle Plaza
18    800 LaSalle Avenue
         Minneapolis, MN  55402-2015
19    Telephone:  612-349-8500
         Facsimile:  612-339-4181
20    E-mail:        JMConlin@rkmc
                        TCMahlum@rkmc
21

22    **ATTORNEYS FOR DEFENDANTS
         AND COUNTERCLAIMANTS**
23

24

25

26

27

28

ROBINS, KAPLAN, MILLER & CIRESI
L.L.P.
ATTORNEYS AT LAW
MINNEAPOLIS

1

## DEMAND FOR JURY TRIAL

2          Defendants/Counterclaimants Alcatel-Lucent hereby demand a trial by jury of all issues so

3    triable.

4

5    DATED:  June 5, 2008                    **THE BERNSTEIN LAW GROUP, P.C.**

6

7                                           By: _____/s/  Marc N. Bernstein_____
                                                     Marc N. Bernstein

8
                                            555 Montgomery Street, Suite 1650
9                                           San Francisco, CA 94111
                                            Telephone:    415-765-6634
10                                          Facsimile:    415-283-4804
                                            E-mail:       mbernstein@blgrp.com
11

12                                               and

13                                          Jan M. Conlin (MN No. 192697)
                                            Thomas C. Mahlum (MN No. 0259391)
14                                          **ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**
                                            2800 LaSalle Plaza
15                                          800 LaSalle Avenue
                                            Minneapolis, MN  55402-2015
16                                          Telephone:  612-349-8500
                                            Facsimile:  612-339-4181
17                                          E-mail:       JMConlin@rkmc
18                                                        TCMahlum@rkmc

19                                          **ATTORNEYS FOR DEFENDANTS
                                            AND COUNTERCLAIMANTS**
20

21

22

23

24

25

26

27

28