1   MATTHEW D. POWERS (Bar No. 104795)
    matthew.powers@weil.com
2   EDWARD R. REINES (Bar No. 135960)
    edward.reines@weil.com
3   DOUGLAS E. LUMISH (Bar No. 183863)
    doug.lumish@weil.com
4   THOMAS B. KING (Bar No. 241661)
    thomas.king@weil.com
5   WEIL, GOTSHAL & MANGES LLP
    201 Redwood Shores Parkway
6   Redwood Shores, CA 94065
    Telephone: (650) 802-3000
7   Facsimile: (650) 802-3100

8   DEBORAH K. MILLER (Bar No. 95527)
    deborah.miller@oracle.com
9   MATTHEW M. SARBORARIA (Bar No. 211600)
    matthew.sarboraria@oracle.com
10  ORACLE CORPORATION
    500 Oracle Parkway
11  Redwood City, CA  94065
    Telephone: (650) 506-5200
12  Facsimile: (650) 506-7114

13  Attorneys for Plaintiffs
    ORACLE CORPORATION, ORACLE USA, INC.,
14  ORACLE INTERNATIONAL CORPORATION,
    AND SIEBEL SYSTEMS, INC.

15

16                 UNITED STATES DISTRICT COURT

17              NORTHERN DISTRICT OF CALIFORNIA

18  ORACLE CORPORATION, ORACLE USA,
    INC., ORACLE INTERNATIONAL
19  CORPORATION, AND SIEBEL SYSTEMS,       Case No. C 08-2363-JW
    INC.,
20              Plaintiffs,                **ORACLE'S REPLY TO ALCATEL
                                           LUCENT'S COUNTERCLAIMS, AND
21          v.                             AFFIRMATIVE DEFENSES**

22  ALCATEL LUCENT, ALCATEL-LUCENT
    HOLDINGS INC., ALCATEL USA, INC.,
23  ALCATEL USA MARKETING, INC.,
    ALCATEL USA RESOURCES, INC.,
24  ALCATEL USA SOURCING, INC., LUCENT
    TECHNOLOGIES INC., AND GENESYS
25  TELECOMMUNICATIONS
    LABORATORIES, INC.,
26
                Defendants.
27

28

## ORACLE'S REPLY TO ALCATEL LUCENT'S COUNTERCLAIMS,
## AND AFFIRMATIVE DEFENSES

Plaintiffs Oracle Corporation, Oracle USA, Inc., Oracle International Corporation, and Siebel Systems, Inc. (collectively "Oracle"), by and through their attorneys hereby submit this Reply and Affirmative Defenses to the Counterclaims of Defendants Alcatel Lucent, Alcatel-Lucent Holdings Inc., Alcatel USA, Inc., Alcatel USA Marketing, Inc., Alcatel USA Resources, Inc., Alcatel USA Sourcing, Inc., Lucent Technologies Inc., and Genesys Telecommunications Laboratories, Inc. (collectively "the Alcatel Defendants") as follows:

1.      In response to paragraph 74 of the Alcatel Defendants' Counterclaims, Oracle admits that Alcatel Lucent purports to be a French company whose principal place of business is located at 54, rue La Boetie, 75008 Paris, France.

2.      In response to paragraph 75 of the Alcatel Defendants' Counterclaims, Oracle admits that Alcatel-Lucent Holdings Inc. (f/k/a Alcatel USA Inc.) purports to be a corporation organized under the laws of the State of Delaware which maintains a place of business at 3400 W. Plano Parkway, Plano, Texas.

3.      In response to paragraph 76 of the Alcatel Defendants' Counterclaims, Oracle admits that Alcatel USA Marketing, Inc. purports to be a corporation organized under the laws of the State of Delaware which maintains a place of business at 3400 W. Plano Parkway, Plano, Texas.

4.      In response to paragraph 77 of the Alcatel Defendants' Counterclaims, Oracle admits that Alcatel USA Sourcing, Inc. purports to be a corporation organized under the laws of the State of Delaware which maintains a place of business at 3400 W. Plano Parkway, Plano, Texas.

5.      In response to paragraph 78 of the Alcatel Defendants' Counterclaims, Oracle admits that Lucent Technologies Inc. purports to be a corporation organized under the laws of the State of Delaware which maintains a place of business at 600-700 Mountain Avenue, Murray Hill, New Jersey.

6.      In response to paragraph 79 of the Alcatel Defendants' Counterclaims, Oracle admits that Genesys Telecommunications Laboratories, Inc. purports to be a corporation organized under the laws of the State of California which maintains a place of business at 2001 Junipero Serra Blvd., Daly City, California.

7.      In response to paragraph 80 of the Alcatel Defendants' Counterclaims, Oracle Corporation admits that it is a corporation organized under the laws of the State of Delaware, that it maintains its principal place of business at 500 Oracle Parkway, Redwood City, California, 94065, and that it conducts business in the Northern District of California.

8.      In response to paragraph 81 of the Alcatel Defendants' Counterclaims, Oracle USA, Inc. admits that it is a corporation organized under the laws of the State of Colorado, that it maintains its principal place of business at 500 Oracle Parkway, Redwood City, California, 94065, and that it conducts business in the Northern District of California.

9.      In response to paragraph 82 of the Alcatel Defendants' Counterclaims, Oracle International Corporation admits that it is a corporation organized under the laws of the State of California, that it maintains its principal place of business at 500 Oracle Parkway, Redwood City, California, 94065, and that it conducts business in the Northern District of California.

10.     In response to paragraph 83 of the Alcatel Defendants' Counterclaims, Siebel Systems, Inc. admits that it is a corporation organized under the laws of the State of Delaware, that it maintains its principal place of business at 500 Oracle Parkway, Redwood City, California, 94065, and that it conducts business in the Northern District of California.

## JURISDICTION AND VENUE

11.     In response to paragraph 84 of the Alcatel Defendants' Counterclaims, Oracle admits that the Alcatel Defendants' Counterclaims arise under the Patent Laws of the United States and that this Court has subject matter jurisdiction over such Counterclaims.  Oracle denies any and all remaining allegations in paragraph 84 of the Alcatel Defendants' Counterclaims.

12.     In response to paragraph 85 of the Alcatel Defendants' Counterclaims, Oracle admits that this is an intellectual property case.  Oracle denies any and all remaining allegations in paragraph 85 of the Alcatel Defendants' Counterclaims.

13.     In response to paragraph 86 of the Alcatel Defendants' Counterclaims, Oracle admits that venue is proper in this district.  Oracle denies any and all remaining allegations in paragraph 86 of the Alcatel Defendants' Counterclaims.

14.     In response to paragraph 87 of the Alcatel Defendants' Counterclaims, Oracle admits that it is subject to personal jurisdiction in this district.  Oracle denies any and all remaining allegations in paragraph 87 of the Alcatel Defendants' Counterclaims.

## COUNT I: COUNTERCLAIM FOR DECLARATORY JUDGMENT OF NONINFRINGEMENT, INVALIDITY AND UNENFORCEABILITY OF U.S. PATENT NO. 7,188,183

15.     In response to paragraph 88 of the Alcatel Defendants' Counterclaims, Oracle realleges and incorporates by reference its responses to paragraphs 74 to 87.

16.     In response to paragraph 89 of the Alcatel Defendants' Counterclaims, Oracle admits that Oracle International Corporation is the owner of U.S. Patent No. 7,188,183. Oracle further admits that it filed this lawsuit against the Alcatel Defendants for infringement of the '183 patent.  Oracle further admits that an actual controversy exists between the parties. Oracle denies any and all remaining allegations in paragraph 89 of the Alcatel Defendants' Counterclaims.

17.     Oracle denies the allegations in paragraph 90 of the Alcatel Defendants' Counterclaims.

18.     Oracle denies the allegations in paragraph 91 of the Alcatel Defendants' Counterclaims.

1
2
3

**COUNT II: COUNTERCLAIM FOR DECLARATORY JUDGMENT OF NONINFRINGEMENT, INVALIDITY AND UNENFORCEABILITY OF U.S. PATENT NO. 6,661,877**

4     19.     In response to paragraph 92 of the Alcatel Defendants' Counterclaims,
5 Oracle realleges and incorporates by reference its responses to paragraphs 74 to 91.

6     20.     In response to paragraph 93 of the Alcatel Defendants' Counterclaims,
7 Oracle admits that Oracle International Corporation is the owner of U.S. Patent No. 6,661,877.
8 Oracle further admits that it filed this lawsuit against the Alcatel Defendants for infringement of
9 the '877 patent.  Oracle further admits that an actual controversy exists between the parties.
10 Oracle denies any and all remaining allegations in paragraph 93 of the Alcatel Defendants'
11 Counterclaims.

12     21.     Oracle denies the allegations in paragraph 94 of the Alcatel Defendants'
13 Counterclaims.

14     22.     Oracle denies the allegations in paragraph 95 of the Alcatel Defendants'
15 Counterclaims.

16
17
18

**COUNT III: COUNTERCLAIM FOR DECLARATORY JUDGMENT OF NONINFRINGEMENT, INVALIDITY AND UNENFORCEABILITY OF U.S. PATENT NO. 6,493,695**

19     23.     In response to paragraph 96 of the Alcatel Defendants' Counterclaims,
20 Oracle realleges and incorporates by reference its responses to paragraphs 74 to 95.

21     24.     In response to paragraph 97 of the Alcatel Defendants' Counterclaims,
22 Oracle admits that Oracle International Corporation is the owner of U.S. Patent No. 6,493,695.
23 Oracle further admits that it filed this lawsuit against the Alcatel Defendants for infringement of
24 the '695 patent.  Oracle further admits that an actual controversy exists between the parties.
25 Oracle denies any and all remaining allegations in paragraph 97 of the Alcatel Defendants'
26 Counterclaims.

27     25.     Oracle denies the allegations in paragraph 98 of the Alcatel Defendants'
28 Counterclaims.

1      26.    Oracle denies the allegations in paragraph 99 of the Alcatel Defendants'

2   Counterclaims.

3   **COUNT IV: COUNTERCLAIM FOR DECLARATORY JUDGMENT OF**

4   **NONINFRINGEMENT, INVALIDITY AND UNENFORCEABILITY OF U.S. PATENT**

5   **NO. 7,171,190**

6      27.    In response to paragraph 100 of the Alcatel Defendants' Counterclaims,

7   Oracle realleges and incorporates by reference its responses to paragraphs 74 to 99.

8      28.    In response to paragraph 101 of the Alcatel Defendants' Counterclaims,

9   Oracle admits that Oracle International Corporation is the owner of U.S. Patent No. 7,171,190.

10  Oracle further admits that it filed this lawsuit against the Alcatel Defendants for infringement of

11  the '190 patent.  Oracle further admits that an actual controversy exists between the parties.

12  Oracle denies any and all remaining allegations in paragraph 101 of the Alcatel Defendants'

13  Counterclaims.

14     29.    Oracle denies the allegations in paragraph 102 of the Alcatel Defendants'

15  Counterclaims.

16     30.    Oracle denies the allegations in paragraph 103 of the Alcatel Defendants'

17  Counterclaims.

18  **COUNT V: COUNTERCLAIM FOR DECLARATORY JUDGMENT OF**

19  **NONINFRINGEMENT, INVALIDITY AND UNENFORCEABILITY OF U.S. PATENT**

20  **NO. 7,039,176**

21     31.    In response to paragraph 104 of the Alcatel Defendants' Counterclaims,

22  Oracle realleges and incorporates by reference its responses to paragraphs 74 to 103.

23     32.    In response to paragraph 105 of the Alcatel Defendants' Counterclaims,

24  Oracle admits that Oracle International Corporation is the owner of U.S. Patent No. 7,039,176.

25  Oracle further admits that it filed this lawsuit against the Alcatel Defendants for infringement of

26  the '176 patent.  Oracle further admits that an actual controversy exists between the parties.

27  Oracle denies any and all remaining allegations in paragraph 105 of the Alcatel Defendants'

28  Counterclaims.

1    33.    Oracle denies the allegations in paragraph 106 of the Alcatel Defendants'

2    Counterclaims.

3    34.    Oracle denies the allegations in paragraph 107 of the Alcatel Defendants'

4    Counterclaims.

5    **COUNT VI: COUNTERCLAIM FOR DECLARATORY JUDGMENT OF**

6    **NONINFRINGEMENT, INVALIDITY AND UNENFORCEABILITY OF U.S. PATENT**

7    **NO. 7,136,448**

8    35.    In response to paragraph 108 of the Alcatel Defendants' Counterclaims,

9    Oracle realleges and incorporates by reference its responses to paragraphs 74 to 107.

10    36.    In response to paragraph 109 of the Alcatel Defendants' Counterclaims,

11    Oracle admits that Oracle International Corporation is the owner of U.S. Patent No. 7,136,448.

12    Oracle further admits that it filed this lawsuit against the Alcatel Defendants for infringement of

13    the '448 patent.  Oracle further admits that an actual controversy exists between the parties.

14    Oracle denies any and all remaining allegations in paragraph 109 of the Alcatel Defendants'

15    Counterclaims.

16    37.    Oracle denies the allegations in paragraph 110 of the Alcatel Defendants'

17    Counterclaims.

18    38.    Oracle denies the allegations in paragraph 111 of the Alcatel Defendants'

19    Counterclaims.

20    **COUNT VII: U.S. PATENT NO. 5,418,943**

21    39.    In response to paragraph 112 of the Alcatel Defendants' Counterclaims,

22    Oracle realleges and incorporates by reference its responses to paragraphs 74 to 111.

23    40.    In response to paragraph 113 of the Alcatel Defendants' Counterclaims,

24    Oracle admits that Lucent Technologies Inc. purports to be the owner of U.S. Patent No.

25    5,418,943.  Oracle further admits that a copy of the '943 patent was attached to the Complaint as

26    Exhibit G.  Oracle denies any and all remaining allegations in paragraph 113 of the Alcatel

27    Defendants' Counterclaims.

28

41.    Oracle denies the allegations in paragraph 114 of the Alcatel Defendants' Counterclaims.

42.    Oracle denies the allegations in paragraph 115 of the Alcatel Defendants' Counterclaims.

### COUNT VIII: U.S. PATENT NO. 6,272,502

43.    In response to paragraph 116 of the Alcatel Defendants' Counterclaims, Oracle realleges and incorporates by reference its responses to paragraphs 74 to 115.

44.    In response to paragraph 117 of the Alcatel Defendants' Counterclaims, Oracle admits that Lucent Technologies Inc. purports to be the owner of U.S. Patent No. 6,272,502. Oracle further admits that a copy of the '502 patent was attached to the Complaint as Exhibit H. Oracle denies any and all remaining allegations in paragraph 117 of the Alcatel Defendants' Counterclaims.

45.    Oracle denies the allegations in paragraph 118 of the Alcatel Defendants' Counterclaims.

46.    Oracle denies the allegations in paragraph 119 of the Alcatel Defendants' Counterclaims.

### COUNT IX: U.S. PATENT NO. 6,205,449

47.    In response to paragraph 120 of the Alcatel Defendants' Counterclaims, Oracle realleges and incorporates by reference its responses to paragraphs 74 to 119.

48.    In response to paragraph 121 of the Alcatel Defendants' Counterclaims, Oracle admits that Lucent Technologies Inc. purports to be the owner of U.S. Patent No. 6,205,449. Oracle further admits that a copy of the '449 patent was attached to the Complaint as Exhibit I. Oracle denies any and all remaining allegations in paragraph 121 of the Alcatel Defendants' Counterclaims.

49.    Oracle denies the allegations in paragraph 122 of the Alcatel Defendants' Counterclaims.

50.    Oracle denies the allegations in paragraph 123 of the Alcatel Defendants' Counterclaims.

1

## COUNT X: U.S. PATENT NO. 6,502,133

2      51.    In response to paragraph 124 of the Alcatel Defendants' Counterclaims,

3  Oracle realleges and incorporates by reference its responses to paragraphs 74 to 123.

4      52.    In response to paragraph 125 of the Alcatel Defendants' Counterclaims,

5  Oracle admits that Lucent Technologies Inc. purports to be the owner of U.S. Patent No.

6  6,502,133.  Oracle further admits that a copy of the '133 patent was attached to the Complaint as

7  Exhibit J.  Oracle denies any and all remaining allegations in paragraph 125 of the Alcatel

8  Defendants' Counterclaims.

9      53.    Oracle denies the allegations in paragraph 126 of the Alcatel Defendants'

10 Counterclaims.

11     54.    Oracle denies the allegations in paragraph 127 of the Alcatel Defendants'

12 Counterclaims.

13

## COUNT XI: U.S. PATENT NO. 5,649,068

14     55.    In response to paragraph 128 of the Alcatel Defendants' Counterclaims,

15 Oracle realleges and incorporates by reference its responses to paragraphs 74 to 126.

16     56.    In response to paragraph 129 of the Alcatel Defendants' Counterclaims,

17 Oracle admits that Lucent Technologies Inc. purports to be the owner of U.S. Patent No.

18 5,649,068.  Oracle further admits that a copy of the '068 patent was attached to the Complaint as

19 Exhibit L.  Oracle denies any and all remaining allegations in paragraph 129 of the Alcatel

20 Defendants' Counterclaims.

21     57.    Oracle denies the allegations in paragraph 130 of the Alcatel Defendants'

22 Counterclaims.

23     58.    Oracle denies the allegations in paragraph 131 of the Alcatel Defendants'

24 Counterclaims.

25

## COUNT XII: U.S. PATENT NO. 6,732,156

26     59.    In response to paragraph 132 of the Alcatel Defendants' Counterclaims,

27 Oracle realleges and incorporates by reference its responses to paragraphs 74 to 131.

28

60.    In response to paragraph 133 of the Alcatel Defendants' Counterclaims, Oracle admits that Genesys purports to be the owner of U.S. Patent No. 6,732,156. Oracle further admits that a copy of the '156 patent was attached to the Complaint as Exhibit M. Oracle denies any and all remaining allegations in paragraph 133 of the Alcatel Defendants' Counterclaims.

61.    Oracle denies the allegations in paragraph 134 of the Alcatel Defendants' Counterclaims.

62.    Oracle denies the allegations in paragraph 135 of the Alcatel Defendants' Counterclaims.

## PRAYER FOR RELIEF

63.    Oracle denies that the Alcatel Defendants are entitled to any relief at all, including the relief requested in the Alcatel Defendants' Counterclaims. The Alcatel Defendants' prayer for relief should be denied in its entirety and with prejudice, and the Alcatel Defendants should take nothing.

## AFFIRMATIVE DEFENSES

For its Affirmative Defenses, Oracle states as follows:

## FIRST AFFIRMATIVE DEFENSE

64.    The Alcatel Defendants' Counterclaims fail to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

65.    Oracle does not and has not infringed, either directly, indirectly, contributorily, or by inducement, any claim of the patents in suit either literally or under the doctrine of equivalents, willfully or otherwise.

## THIRD AFFIRMATIVE DEFENSE

66.    The patents asserted in the Alcatel Defendants' Counterclaims are invalid, unenforceable, and/or void for failure to satisfy the requirements of patentability contained in 35 U.S.C., including without limitation §§ 101, 102, 103 and/or 112.

**FOURTH AFFIRMATIVE DEFENSE**

67.    The Alcatel Defendants' Counterclaims are barred, in whole or in part, pursuant to the doctrines of waiver, estoppel and/or laches.

**FIFTH AFFIRMATIVE DEFENSE**

68.    The Alcatel Defendants are barred in whole or in part from recovering damages under 35 U.S.C. § 287.

**SIXTH AFFIRMATIVE DEFENSE**

69.    The Alcatel Defendants' Counterclaims are barred in whole or in part pursuant to the doctrine of prosecution history estoppel.

**SEVENTH AFFIRMATIVE DEFENSE**

70.    The patents asserted in the Alcatel Defendants' Counterclaims are unenforceable due to inequitable conduct as set forth herein.

**THE '943 PATENT**

71.    The '943 patent is unenforceable due to inequitable conduct.  Upon information and belief, and based on Oracle's understanding of the allegations by the Alcatel Defendants, one or more of the people substantively involved in the prosecution of the application leading to the '943 patent were aware of information material to the patentability of the claims of the '943 patent, but withheld that information from the Patent Office with the intent to deceive.

72.    During the prosecution of the application leading to the '943 patent, one or more of the people substantively involved in its prosecution (including Ronald Brachman and Alex Borgida) were aware of R.M. Arbarbanel & M.D. Williams, *A Relational Representation for Knowledge Bases*, *in Expert Database Systems* (L. Kerschberg, ed., 1987).  Based on Oracle's understanding of the Alcatel Defendants' infringement allegations, *Arbarbanel* contains information material to patentability.  Nonetheless, those substantively involved in the prosecution of the application leading to the '943 patent failed to disclose this material information to the Patent Office at any time during the prosecution of the '943 patent with intent to deceive.  This withholding of information material to patentability with the intent to deceive the Patent Office constitutes inequitable conduct.

73.    During the prosecution of the application leading to the '943 patent, one or more of the people substantively involved in its prosecution (including Ronald Brachman and Alex Borgida) were aware of P.A. Bernstein, *Database System Support for Software Engineering An Extended Abstract*, Proc. ICSE-87 166-78 (1987).  Based on Oracle's understanding of the Alcatel Defendants' infringement allegations, *Bernstein* contains information material to patentability.  Nonetheless, those substantively involved in the prosecution of the application leading to the '943 patent failed to disclose this material information to the Patent Office at any time during the prosecution of the '943 patent with intent to deceive.  This withholding of information material to patentability with the intent to deceive the Patent Office constitutes inequitable conduct.

74.    During the prosecution of the application leading to the '943 patent, one or more of the people substantively involved in its prosecution (including Ronald Brachman and Alex Borgida) were aware of W. Kim et al., *Integrating an Object-Oriented Programming System with a Database System*, Proc. OOPSLA '88 142-152 (1988).  Based on Oracle's understanding of the Alcatel Defendants' infringement allegations, *Kim* contains information material to patentability.  Nonetheless, those substantively involved in the prosecution of the application leading to the '943 patent failed to disclose this material information to the Patent Office at any time during the prosecution of the '943 patent with intent to deceive.  This withholding of information material to patentability with the intent to deceive the Patent Office constitutes inequitable conduct.

75.    During the prosecution of the application leading to the '943 patent, one or more of the people substantively involved in its prosecution (including Ronald Brachman and Alex Borgida) were aware of E. Mays et al., *A Persistent Store for Large Knowledge Bases*, Proc. 6th IEEE Conf. on AI Applications 169-175 (1990).  Based on Oracle's understanding of the Alcatel Defendants' infringement allegations, *Mays* contains information material to patentability.  Nonetheless, those substantively involved in the prosecution of the application leading to the '943 patent failed to disclose this material information to the Patent Office at any time during the

1   prosecution of the '943 patent with intent to deceive. This withholding of information material to

2   patentability with the intent to deceive the Patent Office constitutes inequitable conduct.

3          76.    During the prosecution of the application leading to the '943 patent, one or

4   more of the people substantively involved in its prosecution (including Ronald Brachman and

5   Alex Borgida) were aware of D. Metaxas & S. Sellis, *Database Implementation for Large Frame*

6   *Based Systems*, Proc. 2d Intl'l. Conf. on Data and Knowledge Engineering for Manufacturing and

7   Engineering 19-25 (1989).  Based on Oracle's understanding of the Alcatel Defendants'

8   infringement allegations, *Metaxas*, contains information material to patentability.  Nonetheless,

9   those substantively involved in the prosecution of the application leading to the '943 patent failed

10   to disclose this material information to the Patent Office at any time during the prosecution of the

11   '943 patent with intent to deceive. This withholding of information material to patentability with

12   the intent to deceive the Patent Office constitutes inequitable conduct.

13                       **THE '502 PATENT**

14          77.    The '502 patent is unenforceable due to inequitable conduct.  Upon

15   information and belief, and based on Oracle's understanding of the allegations by the Alcatel

16   Defendants, one or more of the people substantively involved in the prosecution of the application

17   leading to the '502 patent were aware of information material to the patentability of the claims of

18   the '502 patent, but withheld that information from the Patent Office with the intent to deceive.

19          78.    During the prosecution of the application leading to the '502 patent, one or

20   more of the people substantively involved in its prosecution (including Latha Colby) were aware

21   of Latha S. Colby & Inderpal S. Mumick, *Staggered Maintenance of Multiple Views,* presented at

22   Workshop on Materialized Views: Techniques and Applications (June 7, 1996)*.*  Based on

23   Oracle's understanding of the Alcatel Defendants' infringement allegations, *Staggered*

24   *Maintenance of Multiple Views* contains information material to patentability.  Nonetheless, those

25   substantively involved in the prosecution of the application leading to the '502 patent failed to

26   disclose this material information to the Patent Office at any time during the prosecution of the

27   '502 patent with intent to deceive. This withholding of information material to patentability with

28   the intent to deceive the Patent Office constitutes inequitable conduct.

1

## THE '133 PATENT

2        79.    The '133 patent is unenforceable due to inequitable conduct.    Upon

3    information and belief, and based on Oracle's understanding of the allegations by the Alcatel

4    Defendants, one or more of the people substantively involved in the prosecution of the application

5    leading to the '133 patent were aware of information material to the patentability of the claims of

6    the '133 patent, but withheld that information from the Patent Office with the intent to deceive.

7        80.    During the prosecution of the application leading to the '133 patent, one or

8    more of the people substantively involved in its prosecution (including Gerald Baulier, Stephen

9    Blott, Philip Bohannon, Benson Branch, and Thomas Cliff) were aware of European Patent No.

10    EP0809387 (filed May 20, 1997).  Based on Oracle's understanding of the Alcatel Defendants'

11    infringement allegations, the '387 patent contains information material to patentability.

12    Nonetheless, those substantively involved in the prosecution of the application leading to the '133

13    patent failed to disclose this material information to the Patent Office at any time during the

14    prosecution of the '133 patent with intent to deceive.  This withholding of information material to

15    patentability with the intent to deceive the Patent Office constitutes inequitable conduct.

16        81.    During the prosecution of the application leading to the '133 patent, one or

17    more of the people substantively involved in its prosecution (including Gerald Baulier, Stephen

18    Blott, Philip Bohannon, Benson Branch, and Thomas Cliff) were aware of European Patent No.

19    EP0809410 (filed May 20, 1997).  Based on Oracle's understanding of the Alcatel Defendants'

20    infringement allegations, the '410 patent contains information material to patentability.

21    Nonetheless, those substantively involved in the prosecution of the application leading to the '133

22    patent failed to disclose this material information to the Patent Office at any time during the

23    prosecution of the '133 patent with intent to deceive.  This withholding of information material to

24    patentability with the intent to deceive the Patent Office constitutes inequitable conduct.

25        82.    During the prosecution of the application leading to the '133 patent, one or

26    more of the people substantively involved in its prosecution (including Philip Bohannon) were

27    aware of U.S. Patent No. 5,845,292 (filed Dec. 16, 1996).  Based on Oracle's understanding of

28    the Alcatel Defendants' infringement allegations, the '292 patent contains information material to

1    patentability.  Nonetheless, those substantively involved in the prosecution of the application

2    leading to the '133 patent failed to disclose this material information to the Patent Office at any

3    time during the prosecution of the '133 patent with intent to deceive.  This withholding of

4    information material to patentability with the intent to deceive the Patent Office constitutes

5    inequitable conduct.

6        83.    During the prosecution of the application leading to the '133 patent, one or

7    more of the people substantively involved in its prosecution (including Philip Bohannon) were

8    aware of U.S. Patent No. 5,864,849 (filed Dec. 16, 1996).  Based on Oracle's understanding of

9    the Alcatel Defendants' infringement allegations, the '849 patent contains information material to

10   patentability.  Nonetheless, those substantively involved in the prosecution of the application

11   leading to the '133 patent failed to disclose this material information to the Patent Office at any

12   time during the prosecution of the '133 patent with intent to deceive.  This withholding of

13   information material to patentability with the intent to deceive the Patent Office constitutes

14   inequitable conduct.

15       84.    During the prosecution of the application leading to the '133 patent, one or

16   more of the people substantively involved in its prosecution (including Stephen Blott) were aware

17   of U.S. Patent No. 6,119,173 (filed Oct. 7, 1997).  Based on Oracle's understanding of the Alcatel

18   Defendants' infringement allegations, the '173 patent. contains information material to

19   patentability.  Nonetheless, those substantively involved in the prosecution of the application

20   leading to the '133 patent failed to disclose this material information to the Patent Office at any

21   time during the prosecution of the '133 patent with intent to deceive.  This withholding of

22   information material to patentability with the intent to deceive the Patent Office constitutes

23   inequitable conduct.

24   ## THE '068 PATENT

25       85.    The '068 patent is unenforceable due to inequitable conduct.  Upon

26   information and belief, and based on Oracle's understanding of the allegations by the Alcatel

27   Defendants, one or more of the people substantively involved in the prosecution of the application

28

1    leading to the '068 patent were aware of information material to the patentability of the claims of

2    the '068 patent, but withheld that information from the Patent Office with the intent to deceive.

3    86.    During the prosecution of the application leading to the '068 patent, one or

4    more of the people substantively involved in its prosecution (including Vladimir Vapnik) were

5    aware of Vladimir Vapnik, *Estimation of Dependencies Based on Empirical Data* (1982).  Based

6    on Oracle's understanding of the Alcatel Defendants' infringement allegations, *Estimation of*

7    *Dependencies Based on Empirical Data* contains information material to patentability.

8    Nonetheless, those substantively involved in the prosecution of the application leading to the '068

9    patent failed to disclose this material information to the Patent Office at any time during the

10    prosecution of the '068 patent with intent to deceive.  This withholding of information material to

11    patentability with the intent to deceive the Patent Office constitutes inequitable conduct.

12    ## THE '156 PATENT

13    87.    The '156 patent is unenforceable due to inequitable conduct.  Upon

14    information and belief, and based on Oracle's understanding of the allegations by the Alcatel

15    Defendants, one or more of the people substantively involved in the prosecution of the application

16    leading to the '156 patent were aware of information material to the patentability of the claims of

17    the '156 patent, but withheld that information from the Patent Office with the intent to deceive.

18    88.    During the prosecution of the application leading to the '156 patent, one or

19    more of the people substantively involved in its prosecution (including Alec Miloslavsky and

20    Donald Boys) were aware of U.S. Patent No. 5,619,648 (filed Nov. 30, 1994).  Based on Oracle's

21    understanding of the Alcatel Defendants' infringement allegations, the '648 patent contains

22    information material to patentability.    Nonetheless, those substantively involved in the

23    prosecution of the application leading to the '156 patent failed to disclose this material

24    information to the Patent Office at any time during the prosecution of the '156 patent with intent

25    to deceive.  This withholding of information material to patentability with the intent to deceive

26    the Patent Office constitutes inequitable conduct.

27    89.    During the prosecution of the application leading to the '156 patent, one or

28    more of the people substantively involved in its prosecution (including Alec Miloslavsky and

1    Donald Boys) were aware of U.S. Patent No. 5,721,770 (filed Jun. 2, 1996). Based on Oracle's

2    understanding of the Alcatel Defendants' infringement allegations, the '770 patent contains

3    information material to patentability. Nonetheless, those substantively involved in the

4    prosecution of the application leading to the '156 patent failed to disclose this material

5    information to the Patent Office at any time during the prosecution of the '156 patent with intent

6    to deceive. This withholding of information material to patentability with the intent to deceive

7    the Patent Office constitutes inequitable conduct.

8         90.    During the prosecution of the application leading to the '156 patent, one or

9    more of the people substantively involved in its prosecution (including Alec Miloslavsky and

10   Donald Boys) were aware of U.S. Patent No. 5,206,903 (filed Dec. 16, 1990). Based on Oracle's

11   understanding of the Alcatel Defendants' infringement allegations, the '903 patent contains

12   information material to patentability. Nonetheless, those substantively involved in the

13   prosecution of the application leading to the '156 patent failed to disclose this material

14   information to the Patent Office at any time during the prosecution of the '156 patent with intent

15   to deceive. This withholding of information material to patentability with the intent to deceive

16   the Patent Office constitutes inequitable conduct.

17        91.    During the prosecution of the application leading to the '156 patent, one or

18   more of the people substantively involved in its prosecution (including Alec Miloslavsky and

19   Donald Boys) were aware of U.S. Patent No. 5,563,805 (filed Aug. 16, 1994. Based on Oracle's

20   understanding of the Alcatel Defendants' infringement allegations, the '805 patent contains

21   information material to patentability. Nonetheless, those substantively involved in the

22   prosecution of the application leading to the '156 patent failed to disclose this material

23   information to the Patent Office at any time during the prosecution of the '156 patent with intent

24   to deceive. This withholding of information material to patentability with the intent to deceive

25   the Patent Office constitutes inequitable conduct.

26        92.    During the prosecution of the application leading to the '156 patent, one or

27   more of the people substantively involved in its prosecution (including Alec Miloslavsky and

28   Donald Boys) were aware of U.S. Patent No. 5,948,054 (filed Feb. 27, 1996). Based on Oracle's

ORACLE'S REPLY TO COUNTERCLAIMS
AND AFFIRMATIVE DEFENSES                      16                       Case No. C 08-2363-JW

understanding of the Alcatel Defendants' infringement allegations, the '054 patent contains information material to patentability. Nonetheless, those substantively involved in the prosecution of the application leading to the '156 patent failed to disclose this material information to the Patent Office at any time during the prosecution of the '156 patent with intent to deceive. This withholding of information material to patentability with the intent to deceive the Patent Office constitutes inequitable conduct.

### DEMAND FOR JURY TRIAL

93.    Oracle demands a trial by jury on all issues so triable.

Dated: July 2, 2008                                   WEIL, GOTSHAL & MANGES LLP


By: _____
                        _/s/_
                        Douglas E. Lumish
                        doug.lumish@weil.com

                        Attorneys for Plaintiffs
                        ORACLE CORPORATION,
                        ORACLE USA, INC., ORACLE
                        INTERNATIONAL
                        CORPORATION, AND SIEBEL
                        SYSTEMS, INC.